# UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# AT NASHVILLE

| | |
|---|---|
| IN RE: ) | |
| ) | **Case No. 3:20-bk-03559** |
| **JAMES WHITFIELD LIVINGSTON,** ) | **Chapter 13** |
| ) | **Judge Marion F. Harrison** |
| Debtor. ) | |

Hearing Set for Wednesday, October 14, 2020, at 8:30 a.m. in
Courtroom 1, 2nd Floor Customs House, 701 Broadway, Nashville, TN 37203

## OBJECTION OF CASSIE BURTON TO CONFIRMATION
## OF THE DEBTOR'S PROPOSED CHAPTER 13 PLAN

COMES NOW Cassie Burton, a creditor and party-in-interest in the above-captioned case, by and through her attorneys, and objects to confirmation of the Debtor's proposed Chapter 13 Plan. In support of this Objection, Cassie Burton would show the Court:

1. Cassie Burton ("Ms. Burton") is an unsecured creditor of James Whitfield Livingston (the "Debtor"). Burton has filed a Proof of Claim in the amount of $3,000,000.00. [Claim 8].

2. Per the information provided in the Debtor's Voluntary Petition and Schedules [Doc. 1], the proposed Chapter 13 Plan [Doc. 2], and the Chapter 13 Statement of Current Monthly Income ("Statement of CMI") [Doc. 5], Ms. Burton asserts that the Debtor's plan was filed in bad faith, proposes to pay creditors less than they would receive under a Chapter 7 liquidation, and does not propose to pay all disposable income during the commitment period to the payment of unsecured claims in violation of 11 U.S.C. § 1325(a)(3), 11 U.S.C. § 1325(a)(4), and 11 U.S.C. § 1325(b)(1)(B).

3. Debtor's Statement of CMI indicates an amount of $5,000.00 per month. However, Debtor's Schedule I indicates that Debtor's income each month is actually $6666.67.

Furthermore, Debtor testified on August 27, 2020, at the Meeting of Creditors for the related case of Livingscapes, LLC (Case No. 3:20-bk-03561) that his monthly income each month is $6666.67. Debtor is clearly underreporting his income in his sworn Statement of CMI.

4. Additionally, Debtor's sworn Schedule I indicates that Debtor's current net month income is $5,672.94. Debtor's Schedule J indicates that Debtor's sworn current monthly expenses is $3,857.00. Therefore, Debtor has approximately $1,815.94 in disposable income each month.

5. Debtor indicates in Schedule F that his total nonpriority unsecured claims amount to only $18,416.13.

6. Furthermore, Debtor values his wholly owned company Livingscapes, LLC, on Schedule A/B at $0.00, even though the company grossed over $600,000.00 from January through July of 2020. It is unknown if the SBA loan listed on the petition is a CARES Act stimulus loan which need not be repaid, but if it is, the company would be worth approximately $100,000.00 based on asset value alone.

7. Similarly, Debtor values his wholly owned LG Ornamentals, LLC, at $0.00, even though the company has no debt and $2,300.00 in assets. Schedule A/B of the Voluntary Petition for the related case (3:20-bk-03560) also fails to list any inventory, which Debtor testified under oath is not true - there are dozens of trees owned by the company - at the Meeting of Creditors for that related case on August 27, 2020.

8. Debtor's proposed Chapter 13 Plan attempts to pay unsecured creditors only 1% of their claims through the Plan, even though he has over $40,000.00 in equity in his real property, and excess disposable income which would allow him to pay all scheduled unsecured creditors in full in a much less than a five year commitment period.

9. It is readily apparent that Debtor filed a Chapter 13 bankruptcy for the sole reason of attempting to discharge debts that would be nondischargeable under a Chapter 7 filing.

10. Ms. Burton further opposes the plan as both the petition and the plan have been filed in bad faith. Debtor has undervalued assets, proposes to underpay creditors, and is attempting to seek shelter from valid, reprehensible tort claims.

11. Ms. Burton provided notice to Debtor on or about July 24, 2020 of a lawsuit that would be filed imminently by Ms. Burton against Debtor for numerous claims, including unlawful interception, intrusion upon seclusion, appropriation of name or likeness, and defamation.

12. Creditor Milessa Thomas ("Ms. Thomas") also provided notice to Debtor on or about July 24, 2020 of a lawsuit that would be filed within thirty (30) days by Ms. Thomas against Debtor for numerous claims, including sexual harassment, retaliation, and intentional infliction of emotional distress.

13. These collective civil claims arise from Debtor's long history of unwanted sexual advances and sexual harassment of female employees employed by Debtor.

14. The factual allegations made by Ms. Burton against Debtor are as follows: Ms. Burton worked for Debtor as an office administrator and throughout her employment, Debtor repeatedly coerced Ms. Burton into sexual actively in the workplace. On August 15, 2019 Debtor set up a recording device inconspicuously in the back room of his office located at 3941 Stewarts Lane in Nashville, Tennessee. The device recorded both audio and video, and Debtor initiated the recording. Several minutes after initiating the recording, Ms. Burton entered the back room with the device hidden in it while the device recorded. Without informing Ms. Burton of the device to gain her consent, Debtor proceeded with sexual advances and engaged in intercourse

while the device recorded. After having intercourse, Ms. Burton left the office still without seeing the device. Debtor then stopped the recording of the device. Furthermore, at some point during her employment with Debtor, Ms. Burton became pregnant and informed Debtor of this news. Debtor insisted that Ms. Burton abort the pregnancy and stated to her that there was no avenue for her to keep her job if she would not have the abortion. Ms. Burton proceeded with the abortion against her better judgment. Ultimately, Ms. Burton left Debtor's employment in September 2019.

15. Debtor then hired Ms. Thomas as his office manager in October 2019. On or about October 21, 2019, Debtor provided Ms. Thomas with a work iPhone. The device Ms. Thomas received had no saved photos or videos except for one – a sexually explicit video created on August 15, 2019, showing Debtor setting up a recording device in the back office of 3941 Stewarts Lane, exiting to the room momentarily, then returning accompanied by a female employee. Debtor and the female employee preceded to have intercourse on an air mattress, all of which is captured by the recording device. Then, on October 23, 2019, Ms. Thomas began receiving sexually explicit text messages on her personal cell phone from an unknown number, starting with a picture of an erect penis purporting to belong to Debtor. The text messages stated, in part, "This is your new bosses cock. I use to work for him"; "But damn he is big…"; "I understand girl, I man gave me the best dick I've ever had, he beat it up for me;" "If you're single I'd be trying to get some of that if I were you"; "he's just a great guy…with a horse cock ha." On October 25, 2019, Ms. Thomas confronted Debtor concerning the sex video on her work iPhone and the sexually explicit text messages sent to her personal cell phone. Debtor immediately became hostile and terminated Ms. Thomas' employment.

4
Case 3:20-bk-03559    Doc 20    Filed 09/10/20    Entered 09/10/20 21:41:04    Desc Main
Document    Page 4 of 7

16. Simply put, Debtor has filed this bankruptcy petition to act as a shield to prevent Ms. Burton and other victims from filing a lawsuit against him for his willful and malicious conduct.

17. Debtor testified under oath during the August 27, 2020, Meeting of Creditors for Livingscapes, LLC, that the only reason for filing for Chapter 13 was due to Ms. Thomas and Ms. Burton's civil claims.

18. Debtor's proposed Plan was not filed in good faith and contrary to 11 U.S.C. § 1325(a)(3) and (a)(7) respectively. The Court should not allow the expanded discharge provisions of Chapter 13 become a haven for the criminal behavior of Mr. Livingston.

19. Debtor's proposed Plan proposes to pay unsecured creditors far less than they would receive under a Chapter 7 liquidation in violation of 11 U.S.C. § 1325(a)(4).

20. Debtor's proposed Plan does not devote his entire disposable income to unsecured creditors in violation of 11 U.S.C. 1325 (b)(1). and unsecured creditors would receive far less that the value they would .

21. Debtor's proposed Plan should not be confirmed as a result.

**WHEREFORE**, based on the foregoing, Cassie Burton objects to the confirmation of the Debtor's proposed Chapter 13 Plan and asserts that the Chapter 13 case should be dismissed.

    Respectfully submitted,

    By: /s/ Matthew R. Murphy
    Matthew R. Murphy (#24627)
    Smythe Huff & Murphy PC
    1222 16th Avenue South, Suite 301
    Nashville, Tennessee 37212
    Phone: (615) 255-4849
    Fax: (615) 255-4855
    mmurphy@smythehuff.com

Attorney for Cassie Burton

## **CERTIFICATE OF SERVICE**

      I hereby certify that the foregoing was filed and served via the Court's electronic case filing and noticing system to Debtor's Counsel, Steven L. Lefkovitz, the Chapter 13 Trustee, Henry E. Hildebrand, III, and all parties registered to received electronic notices in this matter this 10th day of September, 2020.

                             /s/ Matthew R. Murphy
                             Matthew R. Murphy