IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| IN RE: | ) | Chapter 13 |
|---|---|---|
| | ) | |
| JAMES WHITFIELD LIVINGSTON. | ) | No. 3:20-bk-03559 |
| | ) | |
| Debtor. | ) | Judge Marion F. Harrison |
| | ) | |

## MOTION FOR RULE 2004 EXAMINATION

Pursuant to Bankruptcy Rule 2004, Creditors Cassie Burton and Milessa Thomas, by and through counsel, hereby request that the Court order that James Whitfield Livingston, both in his individual capacity and as the sole owner of Livingscapes, LLC, and LG Ornamentals, LLC (Collectively "Debtors"), be required to produce the following information or documents on or before 9:00 A.M., on Monday, November 16, 2020, at Sherwood Boutique Litigation, 201 4th Ave N Suite 1130, Nashville, Tennessee 37203:

1.     All Documents[1] and Communications[2] relating to the triggering points for (a) James Whitfield Livingston's Chapter 13 bankruptcy filing dated July 29, 2020 (Case No.3:2020-bk-03559), and (b) the Livingscapes, LLC, and LG Ornamentals, LLC, Chapter 11 bankruptcy filings, dated June 29, 2020 (Case Nos. 3:20-bk-03561and 3:20-bk-03560).

---

[1] "Document(s)" shall have the full meaning ascribed to it under the Federal Rules of Bankruptcy Procedure and the Federal Rules of Civil Procedure and shall include, without limitation, all emails, text messages, instant messages, "tweets," voicemails, and any items in computer or other electronic storage.

[2] "Communication(s)" shall mean any oral, written, electronic, or other transfer of information, ideas, opinions, or thoughts by any means from or to any person, thing, or entity, including, but not limited to, discussions, conversations, meetings, conferences, correspondence, memoranda, telephone calls or messages, facsimile transmissions, or any other form of transmittal of information of any kind.

2. All of the Debtors' financial statements from 2017 to the present, including draft or incomplete audits.

3. All bank records, statements, deposit slips, cancelled checks, whether electronic or paper, in Debtors' possession, custody or control for all accounts maintained by the Debtors from January 1, 2018, through the present.

4. All Documents and Communications relating to any pre-petition or post-petition proposals to extend financing to, purchase, restructure, or recapitalize the Debtors.

5. All Documents and Communications relating to any Paycheck Protection Program ("PPP Loan") applications made by Debtors, whether or not related to any PPP Loan the Debtors may have received.

6. All Documents and Communications relating to the application, approval and disbursement of any PPP Loan received by the Debtors'.

7. All Documents and Communications showing how the proceeds from any PPP Loan received by Debtors were used and/or how the Debtors plan on using the PPP Loan funds.

8. All Documents and Communications relating to any Economic Injury Disaster Loan ("EIDL") applications, whether or not related to any EIDL funds the Debtors received.

9. All Documents and Communications relating to the application, approval and disbursement of any EIDL received by the Debtors.

10. All Documents and Communications showing how the proceeds from any EIDL received by Debtors were used and/or how the Debtors plan on using the EIDL funds.

11. All Documents and Communications relating to any appraisals, term sheets, or offers to purchase any of the Debtors' business(es) or assets within one year before the filing of Debtors' bankruptcy cases.

12. All Documents and Communications that in anyway relate to the James Whitfield Livingston's financial records that were produced to as part of his custody and child support case against Lauren Helton in Davidson County Juvenile Court.

13. All Documents and Communications regarding consideration to be paid to the Debtors' unsecured creditors under any proposed plans by the Debtors'.

14. All Documents and Communications regarding any previously filed bankruptcies by Debtors.

15. Copies of all bank records, statements, deposit slips, cancelled checks, whether electronic or paper, for all of Debtors' accounts on which Debtors have access or signatory authority for the years 2017 through the present date.

16. Copies of all Debtors' Quickbooks or Quickbooks Online accounting records, cost and budget reports, balance sheets, profit-and-loss statements, sales data, and individual customer and vendor information for the years 2017 through the present date.

17. Copies of all Microsoft Excel spreadsheets, in native format, containing customer information for the years 2017 through the present date.

18. Copies of all daily employee work orders for the years 2017 through present date.

19. All Documents or Communications that in anyway relate to Debtors' customer records, including customer ledgers, account histories, or A/R ledgers, for the years 2017 through the present date.

20. All Documents or Communications that in anyway relate to Debtors' client contracts from 2017 to the present date.

21. All Documents or Communications that in anyway relate to Groundcover Farms or Janie Haston from 2017 to the present date.

22. All Documents or Communications that in anyway relate to Hunter Trees, LLC,

or Tim Brawell from 2017 to the present date.

23. All Documents or Communications that in anyway relate to Matt Elder or any business associated with Matt Elder from 2017 to the present date.

24. All Documents or Communication that in anyway related to Chilton's Turf Center from January 1, 2017, to the present date.

25. All Documents or Communications related to any and all boxwoods or Claudia Wannamaker magnolia plants owned, controlled, or maintained by the Debtors from January 1 2017 to the present date.

26. All Documents or Communications related to any and all nursery plants owned, controlled, or maintained by the Debtors from January 1, 2017 to the present date.

27. All Documents and Communications that in anyway relate to how the COVID-19 pandemic has impacted the Debtors' cash flow and business.

28. All Documents and Communications recording and/or demonstrating the payment of payroll for Livingscape, LLC's employees, including the amount paid and the employees' positions and functions from January 1, 2017 to the present date.

29. All Documents and Communications, including executed, draft and unexecuted versions of agreements between the Debtors and Walton Denton dealing with landscaping services.

30. All Documents and Communications, including executed, draft and unexecuted versions of agreements between the Debtors and clients dealing with landscaping services since January 1, 2017.

31. All Documents and Communications, including executed, draft and unexecuted versions of agreements between the Debtors and Color Burst Landscaping dealing with nursery services.

32. All Documents and Communications relating to filing for bankruptcy between the Debtors and David Livingston.

33. All Documents and Communications relating to the civil claims of Ms. Cassie Burton between the Debtors and David Livingston.

34. All Documents and Communications relating to the civil claims of Ms. Milessa Thomas between Debtors and David Livingston.

35. All Documents and records of the Debtors that would reflect any payments of the Debtors' expenses by David Livingston.

36. All Documents and records of the Debtor that would reflect any payments of the James Whitfield Livingston's expenses by Livingscapes, LLC.

37. Any leases between the Debtors and their landlords, and any emails by and between the Debtors and their landlords concerning lease waivers or lease amendments related to the COVID-19 pandemic, including any documents related thereto.

38. Emails by and between Debtors and any secured creditors concerning cash collateral discussions.

39. The Debtors' current and projected future budgets from the petition date through July 29, 2025.

40. Any Documents and or Communications regarding Creditor Cassie Burton's employment with Debtors.

41. Any Documents or Communications regarding Creditor Milessa Thomas' employment with Debtors.

42. Any Documents or Communications regarding any automobile accident involving any vehicle or asset of the Debtors since the filing of this bankruptcy proceeding on July

29, 2020.

43. Any documents related to Cassie Burton.

44. A privilege log reflecting Documents or Communications being withheld on the basis of privilege.

WHEREFORE, Creditors Cassie Burton and Milessa Thomas respectfully request that the Court require the production of these documents, and a privilege log if necessary, by the Debtors as requested herein and grant Creditor Cassie Burton and Milessa Thomas such other relief as is just and appropriate.

Dated: November 9, 2020

Respectfully submitted,

By: /s/ Matthew R. Murphy
Matthew R. Murphy (#24627)
Smythe Huff & Murphy PC
1222 16th Avenue South, Suite 301
Nashville, Tennessee 37212
Phone: (615) 255-4849
Fax: (615) 255-4855
mmurphy@smythehuff.com

Attorney for Cassie Burton and Milessa Thomas

CERTIFICATE OF SERVICE

I hereby certify that the foregoing was filed and served via the Court's electronic case filing and noticing system to Debtors' Counsel, Steven L. Lefkovitz, the Chapter 13 Trustee, Henry E. Hildebrand, III, and all parties registered to received electronic notices in this matter this 9th day of November, 2020.

/s/ Matthew R. Murphy
Matthew R. Murphy