IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| IN RE: | ) | Chapter 13 |
|---|---|---|
|  | ) |  |
| JAMES WHITFIELD LIVINGSTON. | ) | No. 3:20-bk-03559 |
|  | ) |  |
| Debtors. | ) | Judge Marion F. Harrison |
|  | ) |  |

**MOTION TO CONDUCT RULE 2004 EXAMINATION OF
JAMES WHITFIELD LIVINGSTON**

Pursuant to Bankruptcy Rule 2004, Creditors Cassie Burton and Milessa Thomas ("Movants"), by and through counsel, hereby request that the Court enter an order authorizing the examination of James Whitfield Livingston, both in his individual capacity and as the sole owner of Livingscapes, LLC, and LG Ornamentals, LLC, and to appear for said examination under oath to answer questions regarding the documents that will be produced by James Whitfield Livingston pursuant to the concurrently filed Motion for 2004 Exam requesting documents and communications and Mr. Livingston's knowledge of his acts and conduct or any matter that might relate to his right to a discharge, assets, liabilities, and transactions, as well as those of Livingscapes, LLC, and LG Ornamentals, LLC. In support of this motion, Movants state as follows:

1. This Court has jurisdiction over this matter under 28 U.S.C. §§ 157(b) and 1334. This matter is a core proceeding under 28 U.S.C. §§ 157(b)(2).

2. Venue is proper in this Court under 28 U.S.C. §§ 1408 and 1409.

3. Federal Rule of Bankruptcy Procedure 2004 provides that "[o]n motion of any party in interest, the court may order the examination of any entity." Fed. R. Bankr. P. 2004(a). Relevant topics of examination "may relate only to the acts, conduct, or property or to the

liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge." Fed. R. Bankr. P. 2004(b). In addition, a court may compel an entity to produce documents. Fed. R. Bankr. P. 2004(c).

4. Movants are a "party in interest" under Rule 2004. All of the facts, issues, and documents described below fall within the permissible topics of discovery under Rule 2004.

5. On November 9, 2020, Movants filed their Motion for Rule 2004 Examination, requesting entry of an order requiring the production of certain documents by Mr. Livingston (the "Requests").

6. Movants need to depose Mr. Livingston regarding both the documents Mr. Livingston will produce in response to the Requests, as well as the related topics of Mr. Livingston's knowledge of his acts and conduct or any matter that might relate to his right to a discharge, assets, liabilities, and transactions, as well as those of Livingscapes, LLC, and LG Ornamentals, LLC. Accordingly, Movants request that the Court enter an Order authorizing it to take the Rule 2004 examination of Mr. Livingston by oral deposition, and under oath, at a mutually convenient time either in person (if agreed to by the Parties) or by remote audio-visual conference, but in no event later than November 17, 2020.

WHEREFORE, Movants respectfully request that this Court (a) grant this 2004 Motion in its entirety; (b) compel the examination of Mr. Livingston to be conducted by Movants either in person or by remote audio-visual conference by no later than November 17, 2020; and (c) grant Movants such other relief as is just and appropriate.

Dated: November 9, 2020

Respectfully submitted,

By: /s/ Matthew R. Murphy
Matthew R. Murphy (#24627)
Smythe Huff & Murphy PC
1222 16th Avenue South, Suite 301
Nashville, Tennessee 37212
Phone: (615) 255-4849
Fax: (615) 255-4855
mmurphy@smythehuff.com

Attorney for Cassie Burton and Milessa Thomas

CERTIFICATE OF SERVICE

I hereby certify that the foregoing was filed and served via the Court's electronic case filing and noticing system to Debtors' Counsel, Steven L. Lefkovitz, the Chapter 13 Trustee, Henry E. Hildebrand, III, and all parties registered to received electronic notices in this matter this 9th day of November, 2020.

/s/ Matthew R. Murphy
Matthew R. Murphy