UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | **Case No. 3:20-bk-03559** |
| **JAMES WHITFIELD LIVINGSTON,** | ) | **Chapter 13** |
| | ) | **Judge Marion F. Harrison** |
| Debtor. | ) | |

## ORDER SETTING CONTESTED CONFIRMATION HEARING BY ZOOM

This Order sets procedures to use at video hearings conducted in this case. Under Federal Rule of Civil Procedure 43, made applicable in this case under Federal Rule of Bankruptcy Procedure 9017, the Court, for good cause in compelling circumstances and with appropriate safeguards, may permit testimony in open court by contemporaneous transmission from another location. The Centers for Disease Control has recommended that all individuals practice "social distancing" and avoid close contact to prevent the spread of the COVID-19 virus. The Court finds that the need for social distancing constitutes good cause and compelling circumstances to permit court hearings and testimony by video. Accordingly, it is

**ORDERED:**

1. The confirmation hearing (the "Hearing") in the above captioned matter is scheduled for December 16, 2020, at _____, and shall take place via the Zoom video conferencing platform.

1

2. Any party who wishes to **actively** participate in the Hearing must use the following link and instructions:

3. Witnesses must participate by video. Counsel for the party presenting the witness must coordinate all aspects of the witness's participation including designating an estimated time when the witness will connect to the video conference, establishing an off-line method to contact the witness, and implementing safeguards to insure a witness is sequestered until called. Witnesses will be sworn in by video and their testimony will be accepted and binding as if they were testifying live in the courtroom. Failure to properly sequester a witness could result in sanctions against the attorney and the party calling the witness.

4. Only one participant is permitted per video link, i.e., each participant must use a separate computer and video camera to connect to the Hearing.

6. Parties that wish to listen only, who do not anticipate active participation including questioning of witnesses, or who lack technology to participate by video may participate via the Zoom telephone number is provided in paragraph 2. above. To clarify, direct or cross examination of a witness requires active participation. No participant may question a witness or make an evidentiary objection unless they are an active participant appearing via video.

7. All parties participating by video must connect at least 15 minutes before the scheduled start time for the Hearing.

8. Any party that fails connect to the Hearing may not participate by video, except that witnesses appearing only for their testimony may connect to the Hearing when appropriate.

9. During the Hearing, all participants must:

    a. Dress in appropriate court attire (if appearing by video);

    b. Ensure their background is professional and not distracting to the proceedings;

    c. Mute their microphone when not speaking;

    d. Silence electronic devices including cell phones and notifications on the device being used for the video;

    e. Wait until called upon by the Court before speaking;

    f. Not speak over other participants;

    g. Participate from a quiet location;

    h. Announce themselves prior to speaking; and

    i. Not leave the room or move the device during the Hearing except for minor camera adjustments when necessary.

10. To the extent evidence will be introduced at the Hearing, the parties must comply

3
Case 3:20-bk-03559    Doc 43    Filed 11/16/20    Entered 11/16/20 15:56:00    Desc Main
Document      Page 3 of 4

with the requirements of Local Rule 9029-1(d), Administrative Procedures for Submission of Evidence Electronically, and the administrative procedures regarding the filing, exchange and use of exhibits which constitute the Electronic Evidence Procedures ("EEP") located on the Court's website.

      11. Participants are reminded that photographing (including screenshots), recording, or further broadcasting or sharing images from the Hearing is strictly prohibited. Violation of these prohibitions may result in sanctions. All hearings will continue to be recorded using the Court's official digital recording system. The process for requesting an official transcript has not changed.

**THIS ORDER WAS SIGNED AND ENTERED ELECTRONICALLY AS INDICATED AT THE TOP OF THE FIRST PAGE**

APPROVED FOR ENTRY:

By: /s/ Matthew R. Murphy
Matthew R. Murphy (#24627)
Smythe Huff & Murphy PC
1222 16th Avenue South, Suite 301
Nashville, Tennessee 37212
Phone: (615) 255-4849
Fax: (615) 255-4855
mmurphy@smythehuff.com
*Attorney for Cassie Burton and Milessa Thomas*

By: /s/ Steven L. Lefkovitz (by permission)
Steven L. Lefkovitz
Lefkovitz & Lefkovitz
618 Church Street, Suite 410
Nashville, Tennessee 37219
Phone: (615) 256-8300
Fax: (615) 255-4516
slefkovitz@lefkovitz.com
*Attorney for James Whitfield Livingston*