**Fill in this information to identify the case:**

| | |
|---|---|
| Debtor 1 | JAMES WHITFIELD LIVINGSTON |
| Debtor 2 (Spouse, if filing) | |
| United States Bankruptcy Court for the: | Middle District of Tennessee |
| Case number | 3:20-bk-03559 |

## Official Form 410

# Proof of Claim

04/16

**Read the instructions before filling out this form.** This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.**

| Part 1: | Identify the Claim |
|---|---|

**1. Who is the current creditor?**

Milessa Thomas
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**

☑ No
☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

**Where should notices to the creditor be sent?**

Smythe Huff & Murphy, PC
Name

1222 16th Ave. S., Ste. 301
Number       Street

Nashville          TN          37212
City                State          ZIP Code

Contact phone (615) 255-4849

Contact email mmurphy@smythehuff.com

**Where should payments to the creditor be sent? (if different)**

Milessa Thomas
Name

404 Westview Dr.
Number       Street

Franklin          KY          42134
City                State          ZIP Code

Contact phone _____

Contact email _____

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

**4. Does this claim amend one already filed?**

☑ No
☐ Yes. Claim number on court claims registry (if known) _____

Filed on _____
MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☑ No
☐ Yes. Who made the earlier filing? _____

| | |
|---|---|
| 6. **Do you have any number you use to identify the debtor?** | ☑ No<br>☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____ ____ ____ ____ |

| | |
|---|---|
| 7. **How much is the claim?** | $_____500,000.00__. Does this amount include interest or other charges?<br>☐ No<br>☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A). |

| | |
|---|---|
| 8. **What is the basis of the claim?** | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.<br><br>Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).<br><br>Limit disclosing information that is entitled to privacy, such as health care information.<br><br>Claim for Employment Discrimination/Retaliation Based on Sex, etc |

| | |
|---|---|
| 9. **Is all or part of the claim secured?** | ☑ No<br>☐ Yes. The claim is secured by a lien on property.<br><br>**Nature of property:**<br>☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*<br>☐ Motor vehicle<br>☐ Other. Describe: _____<br><br>**Basis for perfection:** _____<br>Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)<br><br>**Value of property:** $_____<br>**Amount of the claim that is secured:** $_____<br>**Amount of the claim that is unsecured:** $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)<br><br>**Amount necessary to cure any default as of the date of the petition:** $_____<br><br>**Annual Interest Rate** (when case was filed)_____%<br>☐ Fixed<br>☐ Variable |

| | |
|---|---|
| 10. **Is this claim based on a lease?** | ☑ No<br>☐ Yes. Amount necessary to cure any default as of the date of the petition. $_____ |

| | |
|---|---|
| 11. **Is this claim subject to a right of setoff?** | ☑ No<br>☐ Yes. Identify the property: _____ |

Case 3:20-bk-03559   Claim 129-1   Filed 09/02/21   Desc Main Document   Page 2 of 27
Supplement Claim of Milessa Thomas     Page 2 of 27

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☑ No

☐ Yes. *Check one:*

| | Amount entitled to priority |
|---|---|
| ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| ☐ Up to $2,850* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| ☐ Wages, salaries, or commissions (up to $12,850*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies. | $_____ |

\* Amounts are subject to adjustment on 4/01/19 and every 3 years after that for cases begun on or after the date of adjustment.

---

**Part 3:  Sign Below**

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

Check the appropriate box:

☐ I am the creditor.

☑ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date   09/10/2020
                    MM / DD / YYYY

/s/ Matthew R. Murphy
_____
Signature

Print the name of the person who is completing and signing this claim:

| | |
|---|---|
| Name | Matthew R. Murphy |
| | First name            Middle name            Last name |
| Title | Attorney for Milessa Thomas |
| Company | Smythe Huff & Murphy, PC |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. |
| Address | 1222 16th Ave. S., Ste. 301 |
| | Number        Street |
| | Nashville                          TN          37212 |
| | City                              State        ZIP Code |
| Contact phone | (615) 255-4849          Email  mmurphy@smythehuff.com |

# IN THE UNITED STATES DISTRICT COURT
## FOR MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | |
|---|---|
| MILESSA THOMAS, )<br>   *Plaintiff,* )<br> )<br>v. )<br> )<br>JAMES LIVINGSTON, LIVINGSCAPES, LLC., )<br>AND LG ORNAMENTALS LLC. )<br>   *Defendants.* )<br> ) | Docket No. _____<br><br>JUDGE<br><br>JURY DEMAND |

## COMPLAINT

COMES NOW, the Plaintiff, MILESSA THOMAS, by and through counsel, and respectfully submits her Complaint against the Defendant JAMES LIVINGSTON, an individual, and Defendant LIVINGSCAPES, LLC., and Defendant LG ORNAMENTALS LLC., and in support thereof would allege as follows:

### PARTIES, JURISDICITON AND VENUE

1. Plaintiff MILESSA THOMAS ("Plaintiff") is an adult female and a citizen and resident of Franklin, Simpson County, Kentucky.

2. Defendant JAMES LIVINGSTON ("Defendant James Livingston") is a citizen and resident of Nashville, Davidson County, Tennessee.

3. Defendant LIVINGSCAPES, LLC is a limited liability company doing landscaping business in Nashville, Davidson County, Tennessee, with a principal place of business at 3941 Stewarts Lane, Nashville Tennessee 37218-3304, and may be served through its registered agent, James Whitfield Livingston, at 3115 Curtis Street, Nashville, TN 37218-

2837. According to the Tennessee Secretary of State's records, Defendant Livingscapes, LLC has a single member. Upon information and belief, Defendant James Livingston is its sole member. For purposes of citizenship, "a limited liability company is not treated as a corporation and has the citizenship of its members." *Homfeld II, LLC v. Comair Holdings, Inc.*, 53 Fed.Appx. 731, 732 (6th Cir. 2002). Thus, Defendant Livingscapes, LLC is a citizen of the State of Tennessee.

4. Defendant LG ORNAMENTALS LLC is a limited liability company in Nashville, Davidson County, Tennessee, with a principal place of business of 3941 Stewarts Lane, Nashville, TN 37218-3304, and may be served through its registered agent, James Livingston, at 3941 Stewarts Lane, Nashville, TN 37218-3304. According to the Tennessee Secretary of State's records, Defendant LG Ornamentals, LLC has a single member. Upon information and belief, Defendant James Livingston is its sole member. Defendant LG Ornamentals, LLC is a also a citizen of the State of Tennessee.

5. Defendants are "employer(s)" as defined by the Tennessee Human Rights Act and employed the Plaintiff at 3941 Stewarts Lane, Nashville TN, 37218.

6. At all times during the conduct complaint of herein, Defendants employed eight (8) or more employees.

7. Defendant James Livingston operates his landscaping and nursey businesses from 3941 Stewarts Lane, Nashville, Tennessee, which is the same location where Plaintiff was employed.

8. Jurisdiction and venue are proper in this Court as the Defendants are located within Davidson County and all or a substantial portion of the acts and/or omissions claimed herein occurred within the boundaries of Davidson County, Tennessee.

9. This Court has jurisdiction under 28 U.S. Code § 157(b)(5) to hear Plaintiff's claims arising under the Constitution and laws of the United States.

10. Alternatively, this Court has jurisdiction pursuant to 28 U.S.C. § 1332, as there is complete diversity of citizenship and the amount in controversy exceeds $75,000.[1]

## FACTS

11. Plaintiff began working as the office manager of Livingscapes, LLC and LG Ornamentals, LLC on or about October 21, 2019.

12. As the owner and manager of Livingscapes, LLC and LG Ornamentals, LLC, Defendant James Livingston personally hired Plaintiff for the position of office manager.

13. Plaintiff was given access to a desktop computer by Defendants in order to carry out her duties as office manager. Defendants did not impose any restrictions on her use of the desktop computer.

14. Additionally, on her first day of employment, October 21, 2019, Defendant James Livingston provided Plaintiff with an Apple iPhone mobile device, which Plaintiff was required to use to perform her duties in the course and scope of her employment with Defendants.

15. The iPhone Plaintiff received had no saved files or photos except for one – a sexually explicit video from August 15, 2019, which shows Defendant James Livingston, in a clandestine manner, setting up a video camera in the office located at 3941 Stewarts Ln, Nashville, TN 37218, leaving the room for a brief moment, and then returning with a

---

[1] Plaintiff seeks back pay, front pay, compensatory damages, punitive damages, and attorneys' fees, among other categories of damages. Plaintiff's rate of pay at the time of her unlawful termination on October 25, 2019, was $20 per hour, and she worked forty (40) hours per week. Plaintiff's back pay claim as of the date of filing this Complaint is approximately $36,800, or approximately 46 weeks of back pay, not accounting for lost benefits. Assuming a trial date 18 months from the date of filing, or in March 2022, an additional 76 weeks of back pay will accrue, or about $60,800, for a total back pay claim of $97,600. Plaintiff intends to seek front pay and also seeks compensatory damages of $500,000. Considering her claims for punitive damages and attorneys' fees, the amount in controversy requirement of 28 U.S.C. § 1332(a) is readily met.

young, female employee. The two are then seen having sex on an air mattress. At no point during the video does Defendant James Livingston inform the female employee that he is filming the sexual encounter.

16. Within forty-eight (48) hours of starting her employment with Defendants, Plaintiff received multiple text messages on her personal cell phone – not the Apple iPhone supplied by Defendants - from an unknown number, starting with a picture of an erect penis purporting to belong to Defendant James Livingston.

17. Although the messages claimed to be from a "Cassie," who previously worked for Defendants, the content and circumstances of the messages lead Plaintiff to believe that Defendant James Livingston was actually the one sending the text messages.

18. Among other things, the person messaging Plaintiff: (1) knew Plaintiff's personal phone number; (2) knew Plaintiff had started working for Defendants, (3) knew Defendant James Livingston had a former office worker named Cassie, and (4) had a recent picture of Defendant James Livingston's genitalia.

19. Upon information and belief, Defendant James Livingston, posing as "Cassie," texted to Plaintiff "This is you new bosses cock, I use to work for him." (see attached collective **Exhibit "A"** for text messages).

20. Upon information and belief, Defendant James Livingston, again posing as "Cassie," texted Plaintiff "But damn he is big lol sorry I've been drinking wine since about 3" followed by "Do you think he is hot?" (see attached **Exhibit "B"** for text messages).

21. Upon information and belief, Defendant James Livingston, once more posing as "Cassie," texted to Plaintiff "I understand girl that man gave me the best dick I've ever

had he beat it up for me. If you're single I'd be trying to get some of that if I were you."
(see attached **Exhibit "C"** for text message).

22. Furthermore, with a cell phone picture, meta-data can be searched to examine exactly when and where the picture was originally taken. When Plaintiff looked at the meta-data for the explicit picture sent to Plaintiff's personal cell phone, upon information and belief, the picture was taken less than ten (10) minutes prior to being sent to Plaintiff. Plaintiff believes Defendant James Livingston to have actually been the person behind the picture and messages, only pretending to be "Cassie." (see attached **Exhibit "D"** for meta-data of explicit photo).

23. On Thursday, October 24, 2019, Defendant James Livingston did not show up to the office. On Friday, October 25, 2019, Plaintiff confronted Defendant James Livingston about the sexually explicit video on her work phone and the inappropriate text messages sent to Plaintiff's personal cell phone. Defendant James Livingston denied any and all involvement about the text messages but acknowledged that the video on Plaintiff's work phone was his video.

24. Immediately after reporting the text messages and sex video to Defendant James Livingston, her direct supervisor, he became hostile to Plaintiff, accusing Plaintiff of improperly accessing certain files on Plaintiff's work computer. Defendant James Livingston then terminated Plaintiff's employment. This rationale was pretextual as Plaintiff had not accessed any files improperly on the work computer, nor had Defendant James Livingston even informed her of any alleged restrictions.

25. The unknowing and unwelcome subjection of Plaintiff to the sexually explicit video on a work device and the inappropriate picture and messages sent to Plaintiff's personal cell

phone have caused and continues to cause Plaintiff great emotional distress and embarrassment. Also, the fact that Plaintiff tried to report these happenings to Defendants, but was fired for doing so, further caused and continues to cause Plaintiff great emotional distress and mental anguish.

## COUNT 1

### (T.C.A. 4-21-401 - EMPLOYMENT DISCRIMINATION/RETALIATION BASED ON SEX)

26. Plaintiff realleges and incorporates all proceeding paragraphs in this complaint as if set forth verbatim.

27. Plaintiff, as a result of her gender, has been subjected to sexual harassment and retaliation by the Defendant James Livingston, which is in violation of the Tennessee Human Rights Act.

28. Tennessee Code Annotated § 4-21-401 states, in part, that it is a discriminatory practice for an employer to discharge any person or otherwise to discriminate against an individual with respect to compensation, terms, conditions or privileges of employment because of such individual's sex.

29. Plaintiff is a young female, who was subjected to an unwelcome sexually explicit video and graphic text messages by her direct supervisor, Defendant James Livingston. When Plaintiff complained to Defendants, Plaintiff was immediately terminated from her employment. Plaintiff was not discharged for any other reason than having complained about the video and messages, which she would not have been subjected to had she been male. The reason given for her termination, accessing files on her work computer, was false and pretextual. It is apparent that Defendants conditioned Plaintiff's employment on

her submission to her supervisor's sexual whims. Defendants are strictly liable for this *quid pro quo* sexual harassment as well as Defendants' retaliatory conduct.

30. Defendants' actions

31. Tennessee Code Annotated § 4-21-401 allows civil suit to be brought for, among other things, back pay, front pay, emotional pain and suffering, inconvenience, mental anguish, attorney's fees, costs, and other nonpecuniary losses, which are further defined under Tennessee Code Annotated § 4-21-313.

32. Plaintiff sues for all damages available under the Tennessee Human Rights Act.

### COUNT 2

### (T.C.A. 50-1-304 – RETALIATORY DISCHARGE BASED ON REFUSAL TO PARTICIPATE IN, OR REMAIN SILENT ABOUT, ILLEGAL ACTIVITIES)

33. Plaintiff realleges and incorporates all proceeding paragraphs in this complaint as if set forth verbatim.

34. Tennessee Code Annotated § 50-1-304(b) states that "No employee shall be discharged or terminated solely for refusing to participate in, or for refusing to remain silent about, illegal activities." Additionally. Section (a)(3) states, "Illegal activities mean activities that are in violation of the criminal or civil code of this state or the United States or any regulation intended to protect the public health, safety or welfare."

35. Plaintiff confronted Defendant James Livingston concerning his harassing comments to her on October 25, 2019. Harassment under Tennessee Code Annotated § 39-17-308 includes when a person intentionally "communicates with another person by [telephone, writing, or by electronic communication, including but not limited to, text messaging], without legitimate purpose,... (A) (ii) In a manner the defendant knows, or should

reasonably know, would frighten, intimidate or cause emotional distress to a similarly situated person of reasonable sensibilities; and (B) As a result of the communication, the person is frightened, intimidated or emotionally distressed." Defendant James Livingston immediately terminated Plaintiff's employment after she communicated to Defendant James Livingston that she would not tolerate continual harassment from her employer.

36. Plaintiff confronted Defendant James Livingston on October 25, 2019, concerning the sexually explicit video discovered on her work iPhone, which depicts Defendant James Livingston having sexual intercourse with a female employee on an air mattress in the back office of Livingscapes, LLC. The video was filmed by Defendant James Livingston covertly, and upon information and belief, without the knowledge or consent of the female employee. Unlawful photographing in violation of privacy under Tennessee Code Annotated § 39-13-605 includes when a person knowingly photographs, or causes to be photographed an individual, when the individual has a reasonable expectation of privacy, without the effective consent of the individual…if the photograph was taken for the purpose of sexual arousal or gratification of the defendant. When Plaintiff voiced her concerns about the sexually explicit video to Defendant James Livingston, he immediately terminated her employment.

37. Defendants terminated Plaintiff's employment after she reported the sexually explicit messages sent to her personal cell phone by Defendant James Livingston. Furthermore, Defendants also terminated Plaintiff's employment after she voiced her concerns about the sexually explicit video placed on her work iPhone by Defendant James Livingston, which shows Defendant James Livingston covertly filming a female employee engaged in sexual intercourse at the workplace.

38. As such, Tennessee Code Annotated § 50-1-304(d)(1) provides that Plaintiff or "any employee terminated in violation of subsection (b) shall have a cause of action against the employer for retaliatory discharge and any other damages to which the employee may be entitled."

## **COUNT 3**

### **(INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)**

39. Plaintiff realleges and incorporates all proceeding paragraphs in this complaint as if set forth verbatim.

40. With regard to Intentional Infliction of Emotional Distress, Tennessee follows the Second Restatement of Torts. In *Doe 1 ex rel. Doe 1 v. Roman Catholic Diocese of Nashville*, 154 S.W.3d 22 (Tenn. 2005), the Court held, "A direct action under subsection 46(1) allows a plaintiff to mount a *prima facie* claim by satisfying with respect to himself or herself the standard elements of: (1) extreme and outrageous conduct; (2) intent or recklessness; (3) causation; and (4) severe emotional harm."

41. Furthermore, the Court stated, "The tort of intentional infliction of emotional distress, also known as the tort of outrageous conduct, was recognized in *Tennessee in Medlin v. Allied Inv. Co.,* 398 S.W.2d 270, 274-75 (Tenn. 1966). Claims based on this tort seek recovery "for mental or emotional disturbance alone, unconnected with any independently actionable tort or with any contemporaneous or consequential objectively ascertainable injury." *Id.* at 272. Based on *Medlin* and its progeny, a plaintiff suing for outrageous conduct must satisfy three elements: first, "the conduct complained of must be intentional or reckless;" second, "the conduct must be so outrageous that it is not tolerated by civilized society;" and third, "the conduct complained of must result in

Case 3:20-bk-03535 Claim 7-1 Filed 09/14/20 Desc Main Document Page 12 of 27
Case 3:20-bk-03535 Doc 1-29-1 Filed 09/14/20 Entered 04/26/21 12:19:36 Page 12 of 27
Supplement Claim of Milessa Thomas    Page 12 of 27

serious mental injury." *Bain v. Wells,* 936 S.W.2d 618, 622 (Tenn. 1997); *see Lourcey,* 146 S.W.3d at 51; *Miller v. Willbanks,* 8 S.W.3d 607, 612 (Tenn. 1999). A causation requirement is implicit in the third element which necessitates that the misconduct "result in serious mental injury." 154 S.W.3d at 31.

42. Not only did Defendant James Livingston intentionally provide Plaintiff a work iPhone with a pornographic video featuring Defendant James Livingston on it, less than forty eight (48) hours later, Defendant James Livingston intentionally sent Plaintiff a photo of his erect penis, tried to pretend to be a former employee, and continued to pry as to whether Plaintiff would be willing to engage in sexual conduct with Defendant James Livingston. When Plaintiff reported this to her supervisor, Defendant James Livingston, she was fired.

43. The acts by Defendants were, and are, intentional, extreme, outrageous, objectionable, and offensive to any reasonable person, including Plaintiff.

44. As a direct and proximate result, Plaintiff has suffered and continues to suffer from, including but not limited to, severe and permanent emotional distress, embarrassment, past and future medical damages, and has incurred expenses and damages related to the unauthorized disclosure of her personal information.

## APPLICABLE TO ALL COUNTS

45. Plaintiff re-alleges and incorporates all proceeding paragraphs in this Complaint as if set forth verbatim.

46. As a result of the Defendants' culpable acts or omissions as set forth herein, the Plaintiff was improperly discriminated against and improperly terminated by Defendants and is entitled to compensation for past, present, and future wages and benefits, incidental

damages, compensation for emotional distress, humiliation, mental anguish, embarrassment, pain and suffering, and other nonpecuniary losses.

47. Plaintiff will continue to suffer direct pecuniary losses as a result of the Defendants' culpable acts or omissions as set forth herein.

48. Plaintiff seeks a judgment against the Defendants for back pay plus interest thereon, the value of any lost employment benefits through the date of trial plus interest thereon, front pay, expert witness fees, attorneys' fees, and other litigation expenses and court costs.

## **PUNITIVE DAMAGES**

49. Plaintiff re-alleges and incorporates all proceeding paragraphs in this complaint as if set forth verbatim.

50. Defendant James Livingston acted intentionally, maliciously, or recklessly when he sent pictures of his genitalia to Plaintiff and disseminated a sex video with a former female employee to Plaintiff. Defendants consciously disregarded a substantial and unjustified risk of harm to Plaintiff when Defendant James Livingston sexually harassed her. Defendants' actions constitute a gross deviation from the standard of care that an ordinary employer would exercise under all the circumstances. Due to Defendant James Livingston's wanton disregard of Plaintiff's safety, the imposition of punitive damages against Defendants is warranted.

**WHEREFORE, PREMISES CONSIDERED, PLAINTIFF PRAYS:**

1. That service of process issue and be served upon the Defendants requiring them to appear and answer within the time required by law;

2. For a judgment against the Defendants, jointly and severally, holding them liable for lost wages, including back pay, front pay, and lost benefits, in an amount to be determined by a jury;

3. For a judgment against Defendants, jointly and severally, holding them liable for compensatory damages in an amount not less than Five Hundred Thousand Dollars ($500,000.00);

4. For a judgment against Defendants, jointly and severally, holding them liable for punitive damages in an amount to be determined by the jury in this cause sufficient to adequately punish the Defendants for such outrageous conduct that cannot be tolerated in civilized society;

5. **For an award of reasonable attorneys' fees incurred in prosecuting this action;**

6. For the costs of this matter to be taxed to the Defendants;

7. For such other, further and general relief to which the Plaintiff may be entitled form this Court, including court costs, discretionary costs, and post-judgment interest; and

8. For a jury of twelve to try this case.

Respectfully submitted,

/Christopher V. Boiano/
Christopher V. Boiano (#030076)
115 Shivel Drive
Hendersonville, TN 37075
P: 615-991-7117
christopher@boianolaw.com
*Attorney for Plaintiff*

# Exhibit A

Case 3:20-bk-03559 Claim 1-1 Filed 09/14/20 Desc Main Document Page 16 of 27
Case 3:20-bk-03559 Doc 7-19 Filed 09/14/20 Entered 04/26/21 12:19:36 Desc
Supplement Claim of Milessa Thomas    Page 16 of 27



Case 3:20-bk-03559 Claim 7-1 Filed 09/14/20 Desc Main Document Page 17 of 27
Case 3:20-bk-03559 Doc 1-19-1 Filed 04/26/21 Entered 04/26/21 12:19:36 Desc
Supplement Claim of Milessa Thomas    Page 17 of 27





+1 (615) 492-4122 ›

You have nothing to be jealous about.

Do I need to watch myself around him?

Lol no he's a great guy to work with he won't do anything.

So how did you get my phone number?

He never approached me like that, I was the one that approached him.

I've still got one of his phones

He forgot I had it

Well, you have nothing to worry about.

I won't say anything to him about you messaging me either.

It's ok we are still on good terms, he helped me a lot over my time working with him

He'd be ok with you sending me that?

Case 3:20-bk-03559 Claim 1-19-1 Filed 09/14/20 Desc Main Document Page 20 of 27
Case 3:20-bk-03559 Doc 7-1 Filed 09/14/20 Entered 04/26/21 12:19:36 Page 20 of 27
Supplement Claim of Milessa Thomas    Page 20 of 27

# Exhibit B

+1 (615) 492-4122 ›

Well, you have nothing to worry about.

I won't say anything to him about you messaging me either.

It's ok we are still on good terms, he helped me a lot over my time working with him

He'd be ok with you sending me that?

Yea you're right probably not..

But damn he is big lol sorry I've been drinking wine since about 3

But if you're jealous why would you want me to see that?

I dunno maybe it would have scared you just didn't want to leave

Do you think he is hot??

It'll take more than that to scare me. I'm just there to do my job. That's it.

# Exhibit C



Case 3:20-bk-03559 Claim 7-19-1 Filed 09/04/20 Desc Main Document Page 24 of 27
Case 3:20-bk-03559 Doc 129-1 Filed 04/26/21 Entered 04/26/21 12:19:36 Page 24 of 27
Supplement Claim of Milessa Thomas    Page 24 of 27



**·ıl AT&T 🤶**     2:48 PM     34% 🔋

+1 (615) 492-4122 ›

him in a few days tho

> How did my number end up in your phone?

His Apple ID

> Why would you want to share him?

Lol we aren't messing around anymore... we had a fun time together just miss it sometimes

> Well you have nothing to worry about with me. I'm not interested. Like I said just there to do my job. What you and him do is none of my business.

Well I'm in Florida lol he's just a good guy

With a horse cock ha

> I'm good. I'm seeing someone so again nothing to be jealous of. Goodnight.

K

# Exhibit D

Case 2:20-bk-03359 Claim 1-1 Filed 09/14/20 Desc Main Document Page 26 of 27
Case 2:20-bk-03359 Doc 129-1 Filed 04/26/21 Entered 04/26/21 12:19:36 Desc
Supplement Claim of Milessa Thomas    Page 26 of 27



Penis Image Redacted

# media0.jpeg

JPEG image - 215 KB

**OPEN**

## Information                    Show Less

| | |
|---|---|
| Kind | JPEG image |
| Size | 215 KB |
| Created | October 23, 2019 at 9:58 PM |
| Modified | October 23, 2019 at 9:58 PM |
| Last opened | February 14, 2020 at 3:38 PM |
| Where | iCloud Drive › Downloads |
| Dimensions | 750 × 1,334 |
| Color profile | Display P3 |

## Tags                    Add Tags